REVENUE AND TAXATION
A utility company, as any other taxpayer, vendor or employer, is not a trustee or fiduciary prohibited from retaining interest income derived from money that it is required to collect or withhold for payment of gross production taxes, sales taxes and withholding of income taxes and which it retains for periods of time prior to the dates when remittance to the Oklahoma Tax Commission is required, pursuant to 68 O.S. 1001 [68-1001] et seq. (1971), 68 O.S. 1301 [68-1301] et seq. (1971), and 58 O.S. 2385.1 [58-2385.1] et seq. (1971). This interest income derived from the above-mentioned tax money must, however, be separately noted as income of the company on the applicable forms prescribed by the Oklahoma Corporation Commission, and must be included in the gross income or gross earnings of the company for purposes of fixing utility rates after a determination of the utility company's rate base is made. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Is a utility company prohibited from retaining interest income which is derived from money that it is required to collect or withhold for payment of taxes and which it retains for periods of time prior to the dates when remittance to the Oklahoma Tax Commission is required, pursuant to 68 O.S. 1001 [68-1001], et seq. (1971), 68 O.S. 1301 [68-1301], et seq. (1971), and 68 O.S. 2385.1 [68-2385.1], et seq. (1971)? 2. If the answer to the first question is in the affirmative, then must any such "interest income" be separately accounted for in the books and records of the utility company and must such income be included as gross income for the purpose of fixing rates following a determination of the utility company's rate base? The statutory references set forth in your first question concern the gross production tax, the sales tax, and withholding of income tax. The Legislature has broad authority to make persons trustees or fiduciaries to collect or withhold money for payment of taxes or fees inuring to the benefit of the State which, of course, would impose the duty on such persons to account for and pay over to the State any investment or interest income generated by or derived from such money during the time it is in the custody of any such person prior to its remittance to the State; however, in the absence of specific legislation creating such trust or fiduciary agency relationship with regard to money collected or withheld for payment of gross production taxes, sales taxes and withholding of income taxes, a taxpayer, vendor or employer collecting or withholding these taxes has no such duty. Concerning the gross production tax, 68 O.S. 1009 [68-1009] (1976), provides that such tax is due on the first day of each month and, if the tax is not paid on or before the 15th day of the calendar month following the month the same becomes due, such tax becomes delinquent at that time. Concerning the sales tax, 68 O.S. 1306 [68-1306] (1971), provides that such tax is due and payable on the first day of each month, but it is the duty of all taxpayers on or before the 15th day of each month to deliver to the Oklahoma Tax Commission returns under oath showing the gross receipts or gross proceeds arising from all sales taxable and nontaxable during the proceeding calendar month. Under this section, if the tax is not paid on or before the 15th day of the month following the month during which the tax was collected, the tax becomes delinquent from that date. Section 1306 goes on to provide: ". . . Provided that no interest or penalty shall be charged on such returns if filed on or before the 20th day of such month." Further, 68 O.S. 1310 [68-1310] (1971), imposes a duty on a vendor to collect sales tax and under 68 O.S. 1311 [68-1311] (1971), a vendor has a duty at the time of transmitting the return required under the previous section to remit to the Oklahoma Tax Commission 97% of the tax due, and is allowed to retain three percent of the tax due as remuneration for keeping sales tax records, filing reports, and remitting the tax when due as required by law. Concerning income tax withholding, 68 O.S. 2385.3 [68-2385.3] (1971), provides that every employer required to deduct and withhold taxes under 68 O.S. 2385.2 [68-2385.2] shall for the quarterly period beginning July 1, 1961, and for each quarterly period thereafter on or before the last day of the month following the close of each quarterly period pay over the amounts so withheld as taxes to the Oklahoma Tax Commission, and file a return with each such payment. Under all of the foregoing statutory provisions relating to gross production tax, sales tax, and withholding of income tax, there is no trust or fiduciary agency relationship created that would require the taxpayer, vendor or employer to pay in addition to the amount of the tax any interest income derived during the period from when the tax became due or was collected or deducted until the time set forth in the applicable statute for remittance to the Oklahoma Tax Commission. It would, therefore, follow that a utility company, as any other taxpayer, vendor, or employer, is not prohibited from retaining interest income derived from money collected by it for payment of gross production taxes, sales taxes and withholding of income taxes and which it retains for periods of time prior to the statutory date when remittance is required to be made to the Oklahoma Tax Commission. Concerning the first portion of your second question, Corporation Commission Order No. 3693 (Fifty-seventh Annual Report of the Corporation Commission, 1964, pages 131, 141) would appear to require that such interest income be separately noted on the Standard Form of Income Accounts for Electric Utilities and for Gas Utilities. Income Item 14, on the above-mentioned form, covers interest on long term debt owed by the utility, and Income Item 15 covers miscellaneous interest revenues. It is clear that interest derived from money being held by a utility company to pay the various taxes referred to in question number one would not be interest on long term debt but would rather be miscellaneous interest revenues accountable as such on the above-mentioned form. Concerning the second part of your second question, in fixing rates, after the value or rate base of the utility's property used and useful in the utility's business is ascertained, the amount of its operating expenses is compared with its gross income, after which a conclusion is drawn as to the rate necessary for a fair return on its property. West Ohio Gas Company v. Public Utility Commission, 294 U.S. 63, 79 L.Ed. 761
(1935); 64 Am. Jur.2d, Public Utilities, 189, p. 704. The term "gross income" is generally defined broadly to include profit derived without any restriction as to its disposition or to include any and all sums received by a business. Jacobs v. Hoey, 136 F.2d 954; State Tax Commission v. Quebedeaux Chevrolet, 226 P.2d 549. Concerning utility companies, Hartford Electric Light Company v. McLaughlin, 37 A.2d 361, held that sums received by an electric company in transactions which were for the advancement of the electric company's principal corporate purposes constituted gross earnings of the company. Under the present question, the various tax monies which are retained by the company for periods of time prior to their remittance dates are directly derived from the company's activity as a public utility, that is from the sale of electricity or natural gas or the production or purchase of natural gas incident to retail sales of natural gas or electricity to the public, and the wages of its employees employed to carry out such activity. Interest income derived from such tax monies would, therefore, appear to be part of the utility company's gross income or gross earnings attributable to its activity as a public utility. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. A utility company, as any other taxpayer, vendor or employer, is not a trustee or fiduciary prohibited from retaining interest income derived from money that it is required to collect or withhold for payment of gross production taxes, sales taxes and withholding of income taxes and which it retains for periods of time prior to the dates when remittance to the Oklahoma Tax Commission is required, pursuant to 68 O.S. 1001 [68-1001] et seq. (1971), 68 O.S. 1301 [68-1301] et seq. (1971), and 68 O.S. 2385.1 [68-2385.1] et seq. (1971). This interest income derived from the above-mentioned tax money must, however, be separately noted as income of the company on the applicable forms prescribed by the Oklahoma Corporation Commission, and must be included in the gross income or gross earnings of the company for purposes of fixing utility rates after a determination of the utility company's rate base is made. (GERALD E. WEIS) ** SEE: OPINION NO. 77-203 (1977) **